## BOARD OF ED. OF CITY OF OILTON v. SHORT, Atty. Gen.

No. 17623. Opinion Filed Dec. 21, 1926.

Rehearing Denied Aug. 2, 1927.

(Syllabus.)

### Schools and School Districts—Constitutional Limitations on Indebtedness—Construction.

The provisions in section 26, art. 10, of the Constitution, that "No county, city, town, township, school district or other political corporation, cr subdivision of the state, shall be allowed to become indebted in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose, nor in any cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount including existing indebtedness, in the aggregate exceeding five per centum of the valuation of the taxable property therein, to be ascertained from the last assessment for state and county purposes previous to the incurring of such indebtedness," places two distinct and emphatic limitations upon the debt-incurring powers of the state and municipalities thereof, to wit:

(1) That neither the state nor any municipal subdivision shall be allowed to become indebted in any manner, for any purpose, in any year, beyond the revenue provided for that year, without the assent of three-fifths of the voters.

(2) Nor in cases requiring such assent, shall any indebtedness be allowed to be incurred in excess of five per cent. of the value of the property therein, as determined by the last assessment previous to the incurring of such indebtedness.

The foregoing limitations extend to the people as well as to their fiscal and tax-levying agents, and constitute a binding agreement and compact entered into by the people, that no debt shall be allowed to be incurred in excess of the limit fixed by the Constitution.

Appeal from District Court, Oklahoma County; William H. Zwick, Judge.

Action by Board of Education of the City of Oilton against George F. Short. Attorney General of Oklahoma, for writ of mandamus. Writ denied, and plaintiff appeals. Affirmed.

Geo. P. Glaze, for plaintiff in error.

George F. Short, Atty. Gen., and Randell S. Cobb, Asst. Atty. Gen., for defendant in error.

PHELPS, J. The parties to this action occupy the same relative position in this court as they did in the court below, and will be herein so referred to.

On May 24, 1915, the plaintiff issued its bonds in the sum of $22,000, for the purpose of building and furnishing a schoolhouse, such bonds maturing and becoming payable on May 24, 1925. At the time of issuance of the bonds the entire indebtedness of plaintiff, including the bond issue, was within the 5 per centum of its assessed valuation. When the bonds matured the plaintiff had not accumulated sufficient funds with which to retire them, and accordingly issued its refunding bonds in the sum of $23,000, payab e in 25 years, which refunding bonds were to be accepted at par by the holders of the original issue in lieu of the amount due on the original issue. However, it was found that the $23,000 refunding bonds plus the other indebtedness of plaintiff exceeded 5 per centum of the assessed valuation of the plaintiff district, and the Attorney General, as ex-officio bond commissioner, for that reason refused to approve the bonds, and suit was filed in the district court of Oklahoma county, in which plaintiff prayed for a writ of mandamus against the Attorney General requiring him to approve such refunding bond issue. Judgment was rendered in favor of defendant, and plaintiff prosecutes this appeal.

The question presented by this appeal is whether the refunding bonds are valid when issued without a vote of the people, and which, when added to the already existing indebtedness of the district, bring the total indebtedness above 5 per centum of the assessed valuation of the district.

It is contended by plaintiff that the issuance of the refunding bonds will not create a new indebtedness, but merely changed the form of a valid existing debt, citing In re Menefee, State Treasurer, 22 Okla. 365, 97 Pac. 1014, State ex rel. Board of Education v. West, 29 Okla. 503, 118 Pac. 146, and In re Application of State to Issue Bonds to Fund Indebtedness, 33 Okla. 797, 127 Pac. 1065 (and cases therein cited).

While, upon the other hand, it is contended by defendant that if the issuance of the refunding bonds in question is to be considered merely changing the form of an old debt, since the refunding bonds run for a period of 25 years from the date of their issue, that this is violative of the provisions of section 25 of article 10 of the Constitution of Oklahoma, providing that all such debts must be paid within 25 years. In

other words, if the issuance of the refunding bonds to run 25 years is the mere continuation of the old debt, already having run ten years, making a total period of 35 years the indebtedness would run, that the bonds are void as violative of the above-quoted provision of the Constitution. And, if the issuance of said refunding bonds is the creation of a new debt, running the total indebtedness of the district to above 5 per centum of its assessed valuation without a three-fifths vote of the people, that this is violative of the provisions of section 26 of article 10 of the Constitution.

It is suggested by counsel in their briefs that the trial court in refusing to grant the writ was controlled by the decision of this court in Eaton, County Treasurer, v. St. Louis-San Francisco Railway Co., 122 Okla. 143, 251 Pac. 1032. And in view of the rule laid down in that case, we deem an extended discussion here or the citation of other authorities unnecessary, but, instead, reference is hereby made to that case, and guided by that authority, the trial court committed no error in refusing to grant the writ, and its judgment is therefore affirmed.

HARRISON, MASON, LESTER, CLARK, and RILEY, JJ., concur.

NICHOLSON, C. J., BRANSON, V. C. J., and HUNT, J., dissent.